11-212-cr
United States v. Rios

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of October, two thousand twelve.

PRESENT: JON O. NEWMAN,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                                No. 11-212-cr

JOSE RIOS,
*Defendant-Appellant.*

_____

FOR APPELLANT:           LISA A. CAHILL (David B. Shanies, *on the brief*), Hughes Hubbard & Reed LLP, New York, New York.

FOR APPELLEE:            DOUGLAS PRAVDA, Assistant United States Attorney (Susan Corkery and Emily Berger, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Charles P. Sifton, *Judge*, and Carol Bagley Amon, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Jose Rios appeals his conviction, after a jury trial, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and his resulting sentence to fifteen years' imprisonment, the mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), in light of his prior record. He argues that the district court erred in declining to reopen an evidentiary hearing on his motion to suppress evidence, based on evidence developed in preparation for and during his trial.

After the pre-trial suppression hearing, the late Judge Sifton, to whom the case was then assigned, found the following facts. On May 2, 2009, two NYPD officers stopped Rios and one Jose Rodriguez for riding their bicycles on the sidewalk, in violation of a City ordinance. When Rios stepped off his bicycle at the officers' request, one of the officers saw an L-shaped bulge in Rios's left pants pocket. The officer asked Rios "if he had anything on him that he wasn't supposed to have," to which Rios responded, "it's not loaded. It's only a misdemeanor." The officers then removed a .25-caliber Raven Arms firearm from Rios's pants pocket, handcuffed him, and transported him to the station house, along with Rodriguez. The judge concluded that the bicyclists had been lawfully stopped based on the traffic violation, and that the officer had reasonable suspicion to search Rios, based on his observation of the bulge and Rios's statement.

Several days before trial, Rios moved to reopen the suppression hearing based on new evidence. The district court denied the motion, subject to developments at trial. After the trial, Rios moved for reconsideration of his pretrial suppression motion and renewed his motion to reopen the suppression hearing. The district court granted the motion for reopening and reconsideration, but limited its review to the evidence already in the record. The district court then again denied Rios's motion to suppress the firearm.

Rios now appeals, arguing that new evidence that came to light only after the suppression hearing required reopening the hearing.

"Because of the substantial deference properly accorded a district court's decisions regarding evidentiary matters and the general conduct of trials, we review a district court's decision to reconsider an evidentiary ruling for abuse of discretion." In re Terrorist Bombings of U.S. Embassies in E. Africa, 552 F.3d 177, 196 (2d Cir. 2008) (internal quotation marks omitted); see also United States v. Bayless, 201 F.3d 116, 131 (2d Cir. 2000). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135, 146 (2d Cir. 2012) (internal quotation marks omitted). A factual finding "is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Sash, 396 F.3d 515, 521 (2d Cir. 2005) (internal quotation marks omitted). Factual findings that are based on credibility

3

determinations are entitled to "particularly strong deference." United States v. Mendez, 315

F.3d 132, 135 (2d Cir. 2002).

Rios argues that the officers' stated justification for searching his person, namely that they stopped him for riding his bicycle on the sidewalk and observed a gun-shaped bulge in his pocket, is "patently implausible" in light of additional evidence after the hearing, including the officers' testimony at trial, and that he was really stopped because Rodriguez was a confidential informant and he had tipped the officers off that Rios was carrying a firearm. In making this argument, Rios relies on evidence, developed after the suppression hearing, that: (1) two of the officers who arrested Rios had arrested Rodriguez, a rather distinctive looking individual, two weeks prior for trespassing, but denied at the suppression hearing that they recognized Rodriguez; (2) two additional officers, who arrived on the scene after the initial stop, testified inconsistently as to their location when they were called in as backup; (3) Rodriguez was not issued a summons for riding on the sidewalk the day of the arrest; (4) a 911 call received close to the time of the arrest suggesting that the stop may have been in response to a civilian complaint; and (5) a witness had advised a government agent that he had seen the officers stop two bicyclists at the time in question, only one of whom had been riding on the sidewalk.

Though some of this evidence may bear on the general credibility of the government witnesses, the district court did not clearly err in finding that the alleged inconsistencies did not undermine its finding that the officers were justified in stopping and searching Rios. While the district court might have been further informed by reopening the suppression

4

hearing, all of the officers involved testified before the court at either the trial or the suppression hearing, or both. The district court's decision to credit the officers' testimony as to their reason for stopping Rios is, essentially, a credibility determination. "[C]redibility determinations are the province of the trial judge, and should not be overruled on appeal unless clearly erroneous." In re Terrorist Bombings, 552 F.3d at 210 (internal quotation marks omitted). The district court was made fully aware of the new evidence that arguably cast doubt on the accuracy of certain aspects of the officers' testimony, and of the defense analysis of that evidence, and nevertheless adhered to its view that the testimony was believable as to the key determinants of reasonable suspicion and probable cause.

That decision was hardly clearly erroneous. Assuming that it is true, as Rios hypothesizes, that Rodriguez was an informant who tipped the police to the fact that Rios had a weapon, the existence of such a tip is not inconsistent with the finding that the police did not stop Rios until they observed him violating the law; to the extent the police hoped not to make Rios suspicious that he had been betrayed, it would be desirable to wait to stop him until they had a pretext that could make the discovery of the gun inadvertent. Nor would a prior tip make it less likely that the officers observed the outline of a gun in Rios's pocket – they would be more likely to see such a detail if they were primed to look for it. In any event, if Rios's speculation about a tip from Rodriguez is correct, a tip from a confidential informant prior to the stop that Rios was armed would only strengthen the justification for the stop. Finally, the witness who observed only one bicyclist on the sidewalk did not identify which bicyclist was on the sidewalk, and thus does not contradict the officers'

testimony that Rios was violating the law. Moreover, this witness was not discovered until long after the decisions by Judge Sifton challenged on this appeal; it was considered by Judge Amon at sentencing, in connection with yet another motion to reopen the suppression hearing, the denial of which is not challenged on this appeal. We therefore cannot conclude that the experienced district judge erred in deciding that a further hearing was unnecessary, and that the newly-discovered evidence did not alter his findings that the police had seen a traffic violation that permitted the stop of Rios, and the outline of a gun that provided reasonable suspicion to search him.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court